## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **MICHAEL LEE MILLIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No.  19-cv-1137** |
| | ) | |
| **T. PULLEN, Acting Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Michael Lee
Millis' Petition for Writ of habeas corpus under 28 U.S.C. § 2241
(Doc. 1).  For the reasons set forth below, Petitioner's claim based
on <u>Dean v. United States</u>, 137 S.Ct. 1170 (2017), his claims
regarding his convictions under 18 U.S.C. § 924(c), and his
cumulative impact claim are DISMISSED.  However, Respondent
failed to address Petitioner's claim that he should not have been
sentenced under the mandatory sentencing guidelines as a career
offender in light of <u>United States v. Burris</u>, 912 F.3d 386 (6th Cir.
2019), and it could have merit.  Respondent is ORDERED to file a

supplemental response addressing this claim within twenty-one days of entry of this Order.

Also before the Court is Millis' Amended Petition (Doc. 4) filed on June 17, 2019. The Amended Petition does not set forth additional claims, but rather provides more detailed legal support for the claims he raised in his original Petition. The Court construes this filing as a Motion to Amend his Petition, which, due to the need for additional briefing from Respondent, is GRANTED.

## I. BACKGROUND

In March 1994, a federal jury in the District Court for the Eastern District of Kentucky found Millis guilty of aiding and abetting an armed bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a) and (d); Hobbs Act robbery in violation of 18 U.S.C. §§ 2 and 1951(a); two counts of aiding and abetting in the use and carrying of a firearm during and in relation to crimes of violence in violation of 18 U.S.C. §§ 2 and 924(c); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). United States v. Creeden, et. al., Case No. 2:93-cr-00055 (E.D. Ky.); see

<u>also</u> <u>United States v. Millis</u>, 89 F.3d 836 (6th Cir. 1996)

(unpublished).

The Presentence Investigation Report (PSR) found that Millis

qualified as a career offender under § 4B1.2 of the then-mandatory

Sentencing Guidelines based on a prior $50 marijuana sale

conviction and a prior Ohio aggravated assault conviction. <u>See</u>

Pet. at 4 (Doc. 1).[1]  His mandatory sentencing range under the

guidelines was 562 to 627 months' imprisonment (consisting of

262 to 327 months on his armed bank robbery, Hobbs Act

Robbery, and § 922(g) convictions, as well as mandatory five-year

and twenty-year consecutive imprisonment sentences on his two

§ 924(c) convictions).  <u>Id.</u>  However, after applying downward

departures based on his age, his minor role in the offense, and the

minor nature of his prior criminal record, he was sentenced to a

total of 410 months' imprisonment.  <u>Id.</u>

Millis' Petition outlines his prior attempts to obtain post-

conviction relief, but only his most recent § 2241 petition is

relevant to this case.  In that case, Millis filed his § 2241 petition in

_____

[1] The Court does not have access to Millis' presentence report, but the Court
assumes for the purposes of this Order that Millis has accurately summarized
the PSR's findings in his Petition.

this district, as he was confined at the Federal Correctional Institution in Pekin, Illinois, at that time as well.  See Millis v. King, No. 2:17-CV-184-WOB, 2017 WL 6813672, at *1 (E.D. Ky. Oct. 10, 2017).  He argued he was entitled to relief in light of the Supreme Court's decision in Dean v. United States, 137 S.Ct. 1170 (2017), which held that a sentencing court can consider the mandatory minimum sentence under 18 U.S.C. § 924(c) when choosing a just sentence for the predicate count.  Id. at 1177.

Respondent suggested that a transfer to the District Court for the Eastern District of Kentucky might be appropriate since the original prosecuting office in the Eastern District of Kentucky had previously said that it would support a petition for commutation of his sentence.  After Millis agreed and filed a motion to transfer the petition, the case was transferred to the Eastern District of Kentucky.  Millis, 2017 WL 6813672, at *1.  The Eastern District of Kentucky noted that the transfer "was fruitless of course, as this Court lacks jurisdiction over his custodian."  Id.  Nonetheless, the court concluded that transferring the petition back was not warranted, as the case was without merit.  Id.  The court found that relief was not available under the § 2255(e) savings clause

because <u>Dean</u> was not retroactive.  <u>Millis</u>, 2017 WL 6813672, at

*2.  Further, the court found that <u>Dean</u> did not apply to Millis' case

because Millis was sentenced under the guidelines when they were

mandatory so it was "not the mandatory nature of his § 924(c)

conviction" that restricted the sentencing court's discretion, but

the mandatory nature of the sentencing guidelines.  <u>Id</u>.  The

district court also noted that it would support a petition for

clemency with the President of the United States if Millis were to

file one.  <u>Id</u>.

     The Sixth Circuit affirmed the denial of Millis' § 2241 Petition

on July 18, 2018.  <u>Millis v. Kallis</u>, No. 17-6328 (6th Cir. July 18,

2018).  Millis then sought rehearing en banc, arguing that because

the Eastern District of Kentucky did not have jurisdiction over the

custodian, it should not have reached a decision on the merits.

This request was also denied.  <u>Millis</u>, No. 17-6328 (6th Cir. Oct. 9,

2018).  The Supreme Court denied certiorari in February 2019.

<u>Millis v. Kallis</u>, 139 S.Ct. 1223 (2019).

     Millis filed the instant Petition on April 22, 2019.  He has re-

alleged his prior argument that he is entitled to relief in light of

<u>Dean v. United States</u>, 137 S.Ct. 1170 (2017).  Additionally, he

argues that he no longer qualifies as a career offender in light of the new statutory interpretation rule announced in <u>United States v. Burris</u>, 912 F.3d 386 (6th Cir. 2019), that in light of <u>Sessions v. Dimaya</u>, 138 S.Ct. 529 (2018), his convictions under § 924(c) are unconstitutionally void for vagueness, and that "the cumulative effect of all the aforementioned sentencing errors warrants re-sentencing."

The Court ordered Respondent to respond. Respondent's May 28, 2018, response (Doc. 3) curiously only addressed Petitioner's <u>Dean</u> claim, arguing it was barred as an abuse of the writ, that <u>Dean</u> does not apply retroactively, and that <u>Dean</u> does not otherwise apply to Millis' case. Millis filed an Amended Petition (Doc. 4) on June 17, 2019, which did not raise new claims, but rather provided further legal support for the claims raised in his original Petition—perhaps equally confused by Respondent's failure to address his additional claims. This Order follows.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for

habeas corpus." <u>Camacho v. English</u>, 16-3509, 2017 WL
4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting <u>Brown v. Rios</u>,
696 F.3d 638, 640 (7th Cir. 2012)).  The exception to this rule is
found in § 2255 itself: a federal prisoner may petition under § 2241
if the remedy under § 2255 "is inadequate or ineffective to test the
legality of his detention."  28 U.S.C. § 2255(e).  Under the "escape
hatch" of § 2255(e), "[a] federal prisoner should be permitted to
seek habeas corpus only if he had no reasonable opportunity to
obtain earlier judicial correction of a fundamental defect in his
conviction or sentence because the law changed after his first 2255
motion."  <u>In re Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998).
Under Seventh Circuit case law, "[t]o pursue relief under § 2241, a
petitioner must establish that '(1) the claim relies on a statutory
interpretation case, not a constitutional case, and thus could not
have been invoked by a successive § 2255 motion; (2) the petitioner
could not have invoked the decision in his first § 2255 motion and
the decision applies retroactively; and (3) the error is grave enough
to be deemed a miscarriage of justice.'"  <u>Chazen v. Marske</u>, No. 18-
3268, 2019 WL 4254295, at *3 (7th Cir. Sept. 9, 2019) (<u>citing</u>
<u>Beason v. Marske</u>, 926 F.3d 932, 935 (7th Cir. 2019)).

# III. DISCUSSION

Millis raises four claims in his Petition: (1) that he no longer qualifies as a career offender in light of <u>United States v. Burris</u>, 912 F.3d 386 (6th Cir. 2019); (2) that in light of <u>Sessions v. Dimaya</u>, 138 S.Ct. 529 (2018), his conviction under § 924(c) is unconstitutionally void for vagueness; (3) that he is entitled to relief in light of <u>Dean v. United States</u>, 137 S.Ct. 1170 (2017); and (4) that "the cumulative effect of all the aforementioned sentencing errors warrants re-sentencing." Respondent's response only addressed Millis' <u>Dean</u> claim, and the Court agrees that this claim must be dismissed. Moreover, the Court finds that Millis' arguments regarding his § 924(c) convictions and his "cumulative impact" claim, cannot proceed either.

However, Millis' claim that he should not have been sentenced as a career offender in light of <u>Burris</u> may have merit, and could potentially meet the savings-clause test in light of Respondent's failure to respond. Accordingly, the Court finds additional briefing is needed from Respondent, as further explained below.

## A. Millis' <u>Dean</u> Claim Is Dismissed.

The Court finds that Millis' claim based on <u>Dean v. United States</u>, 137 S.Ct. 1170 (2017), has already been addressed and denied on the merits in the Eastern District of Kentucky in his previous § 2241 Petition. As Millis' claim has already been decided on the merits by another judge, this Court is not required to review the claim again. <u>See</u> 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.").

Moreover, this Court agrees with the conclusion of the District Court for Eastern District of Kentucky and also finds that <u>Dean</u> is not retroactive. A new rule is only retroactive to cases on collateral review in limited circumstances. Substantive rules, rules that "alter[ ] the range of conduct or the class of persons that the law punishes" or "narrow the scope of a criminal statute by interpreting its terms," generally apply retroactively because they

"necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' or faces a punishment that the law cannot impose upon him." <u>Schriro v. Summerlin</u>, 542 U.S. 348, 352-53, 124 S. Ct. 2519, 2522–23 (2004) (<u>citing</u> <u>Bousley v. United States</u>, 523 U.S. 614, 620, 118 S.Ct. 1604 (1990); <u>Davis v. United States</u>, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974)).  On the other hand, "rules that regulate only the manner of determining the defendant's culpability are procedural" and generally do not apply retroactively, unless they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." <u>Id</u>. at 352-53 (<u>citing</u> <u>Teague v. Lane</u>, 489 U.S. 288, 311, 109 S.Ct. 1060 (1989)).

<u>Dean</u> is not a substantive rule.  <u>Dean</u> does not leave anyone convicted of an act that the law does not make criminal, nor face a punishment that the law cannot impose on him.  <u>Dean</u> does not narrow the scope of the criminal statute, but rather clarifies the amount of discretion a district court judge can exercise when crafting a sentence.  Accordingly, the Court agrees with the Eastern District of Kentucky, as well as other courts that have

considered this issue, and finds that <u>Dean</u> is not retroactive to cases on collateral review.  See <u>Gunn v. United States</u>, No. 18-CV-1114, 2018 WL 3078741, at *6 (C.D. Ill. June 21, 2018) (finding <u>Dean</u> is not retroactive as "<u>Dean</u> does not compel courts to do anything"); <u>Tomkins v. United States</u>, No. 16-CV-7073, 2018 WL 1911805, at *19–20 (N.D. Ill. Apr. 23, 2018) (finding <u>Dean</u> was not retroactive on collateral review, and collecting "a couple dozen cases" that had addressed the issue all holding that <u>Dean</u> was not retroactive); <u>Reed v. United States</u>, 2018 WL 453745, at *2 (N.D. Ill. Jan. 16, 2018) (finding that <u>Dean </u>does not apply retroactively to case on collateral review); <u>United States v. Dawson</u>, 300 F.Supp.3d 1207, 1214 (D. Or. 2018) (concluding that <u>Dean</u> does not apply retroactively because the case "was about a sentencing judge's discretion, which is a procedural concern.").

Further, the Court agrees that <u>Dean</u> does not apply to Millis' case because Millis was sentenced under the guidelines when they were mandatory.  Therefore, it was "not the mandatory nature of his § 924(c) conviction" that restricted the sentencing court's discretion, but the mandatory nature of the sentencing guidelines. <u>Millis</u>, 2017 WL 6813672, at *2.  Accordingly, the Court dismisses

this claim pursuant to both 28 U.S.C. §§ 2244(a) and 2255(e), and on the merits.

## B. Millis' Claims Regarding the Constitutionality of his § 924(c) Convictions Are Dismissed.

Millis' next claim challenges his firearm convictions under 18 U.S.C. § 924(c). Millis' two convictions under § 924(c) resulted in mandatory five and twenty year consecutive sentences. While Respondent did not address this claim in his response, the Court, nonetheless, finds that it must be dismissed.

Section 924(c)(3) provides the definition for "crime of violence" as used in § 924(c)(1):

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and –
>
> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [the elements or force clause] or
>
> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. [the residual clause]

18 U.S.C. § 924(c)(3). Millis argues his § 924(c) convictions are invalid because his predicate offenses of federal bank robbery and

Hobbs Act robbery are no longer categorically crimes of violence
after Sessions v. Dimaya, 138 S. Ct. 1204 (2018).  In Dimaya, the
Supreme Court held that the identically-worded residual clause of
18 U.S.C. § 16, as incorporated into the Immigration and
Nationality Act's definition of aggravated felony, was
unconstitutionally vague.  138 S.Ct. at 1215-16.  Further, after
Millis filed his Petition, the Supreme Court, in United States v.
Davis, 139 S. Ct. 2319 (2019), held that the § 924(c)(3)(B) residual
clause is unconstitutionally vague as well.

Unfortunately, neither Dimaya nor Davis provide any relief to
Millis.  First, both Dimaya and Davis are constitutional
interpretation cases, not statutory interpretation cases.  Therefore,
should the holdings otherwise apply to Millis' case, this claim
could be a basis for a successive § 2255 motion, and does not meet
the first prong of the savings-clause test.  Second, at least under
Seventh Circuit law, Millis' convictions were still proper under the
elements clause of § 924(c)(3), so he cannot show that there was a
miscarriage of justice.  See United States v. Williams, 864 F.3d
826, 827 (7th Cir. 2017), cert. denied, 138 S. Ct. 272 (2017)
(holding that bank robbery under § 2113(a)/(d) categorically

qualifies as a crime of violence under the elements clause of § 924(c)); <u>United States v. Rivera</u>, 847 F.3d 847, 848 (7th Cir.), <u>cert. denied,</u> 137 S. Ct. 2228 (2017) ("Hobbs Act robbery [in violation of § 1951(a)] indeed qualifies as a 'crime of violence' under § 924(c) because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'") (<u>quoting</u> <u>United States v. Anglin</u>, No. 15-3625, 2017 WL 359666, at *6–7 (7th Cir. Jan. 25, 2017)).  Accordingly, the Court must dismiss Millis' claim regarding his § 924(c) convictions, as it does not fall within the § 2255(e) savings clause and does not have merit.

### C. Millis' Cumulative Impact Claim is Dismissed.

Millis also writes that he is entitled to relief in light of "the cumulative effect of all the aforementioned sentencing errors."  Pet. at 8 (Doc. 1).  To the extent that there may be a basis for habeas relief based on the cumulative impact of claims that separately do not entitle a petitioner to relief, Millis has not presented one here. The Court has found that two of the three alleged sentencing errors were not actually errors at all.  Therefore, there can be no

"cumulative" impact. Accordingly, the Court must dismiss Millis'
"cumulative impact" claim as well.

### D. Millis' Claim that He No Longer Qualifies as a Career Offender Under the Mandatory Guidelines Could Have Merit.

Millis claims he is entitled to relief because he no longer
qualifies as a career offender in light of the new statutory
interpretation rule announced in <u>United States v. Burris</u>, 912 F.3d
386 (6th Cir. 2019) (en banc). After <u>Burris,</u> he argues his Ohio
aggravated assault conviction is no longer a predicate conviction,
and he no longer has the two predicate convictions necessary to be
deemed a career offender under the sentencing guidelines.

A defendant is classified as a career offender under the
sentencing guidelines "if (1) the defendant was at least eighteen
years old at the time of the instant offense, (2) the instant offense
of conviction is a felony that is either a crime of violence or a
controlled substance offense, and (3) the defendant has at least
two prior felony convictions of either a crime of violence or a
controlled substance offense." U.S.S.G. § 4B1.1.

At the time of Millis' sentencing in 1995, a crime of violence was defined an offense punishable by more than one year that:

> (i)has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (ii)is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1); see also, 18 U.S.C. § 924(e)(using an identical definition to define a "violent felony" for purposes of the ACCA sentencing enhancement). Clause (i) is known as the "elements clause." The first part of clause (ii) is known as the "enumerated offenses clause," and the part of clause (ii) that follows "otherwise" is known as the "residual clause." Millis was sentenced prior to United States v. Booker, 543 U.S. 220 (2005), when the guidelines were mandatory.

In Johnson v. United States, 135 S. Ct. 2551 (2015), the Supreme Court held that the identically-worded residual clause of the ACCA is unconstitutionally vague. 135 S. Ct. at 2563. While the Supreme Court in Beckles v. United States, held that the "advisory Guidelines are not subject to vagueness challenges under the Due Process Clause" and that the residual clause in

§ 4B1.2(a)(2) of the advisory guidelines was not void for vagueness, <u>Beckles</u> left open whether the <u>Johnson</u> holding applied to the mandatory sentencing guidelines. 137 S. Ct. 886, 890 (2017). And, the Seventh Circuit held last year that the residual clause of the mandatory guidelines was also unconstitutionally void for vagueness and that <u>Johnson</u> applied retroactively to those sentenced when the guidelines were mandatory. <u>Cross v. United States</u>, 892 F.3d 288 (2018). Accordingly, under the mandatory sentencing guidelines, a prior conviction only remains a crime of violence if it falls under the elements or enumerated clauses.

Here, Millis claims he was sentenced as a career offender due to a controlled substance offense, as well as an Ohio aggravated assault conviction. [2] The Sixth Circuit in <u>United States v. Burris</u>, 912 F.3d 386 (6th Cir. 2019) (en banc), recently addressed whether the Ohio aggravated assault and Ohio felonious assault statutes

_____

[2] The Court does not know the date Millis was convicted of aggravated assault, but it does not appear that there have been relevant changes to the law. Additionally, it is not clear whether Millis was convicted under the Ohio aggravated assault statute, as he writes in his Petition, or the Ohio felonious assault statute as was stated in the sentencing transcript excerpt he provided. <u>Compare</u> Pet at 4 (Doc. 1), <u>with</u> Amend Pet. at 14 (Doc. 4). However, the difference between the two statutes was not relevant for the Sixth Circuit's decision in <u>Burris</u>.

qualify as crimes of violence under the advisory sentencing guidelines. The Ohio aggravated assault statute provides:

> (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> > (1) Cause serious physical harm to another or to another's unborn;
> >
> > (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.

Ohio Rev. Code § 2903.12.

While both subsections of the statute appear to fall squarely into the elements clause of the sentencing guidelines, Ohio law defines "physical harm to persons" broadly as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Ohio Rev. Code § 2901.01(A)(3). Further, "serious physical harm to persons" is defined as any of the following:

> (a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
>
> (b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

Ohio Rev. Code § 2901.01(A)(5).

First, using the categorical approach, the Sixth Circuit found that the Ohio felonious assault and Ohio aggravated assault statutes were overbroad. Burris examined various Ohio state law cases, and found that there was a "realistic probability" that Ohio would apply its felonious assault and aggravated assault statutes to conduct that falls outside the conduct described in the career offender clauses of the sentencing guidelines. 912 F.3d at 399.

In finding the statutes overbroad, the Sixth Circuit overruled the previous panel decision in United States v. Anderson, 695 F.3d 390 (6th Cir. 2012), finding:

Anderson wrongly held that convictions under Ohio's felonious-assault and aggravated-assault statutes categorically qualify as violent-felony predicates. See Anderson, 695 F.3d at 399–402. The Anderson panel apparently did so because it analyzed only the ordinary

meaning of "serious physical harm" rather than Ohio's statutory definition for "serious physical harm." But because that statutory definition includes certain serious mental harms, and because state courts in fact do apply the statute to conduct that does not involve the use, attempted use, or threatened use of physical force against the person of another . . . Burris is correct that <u>Anderson</u> was wrongly decided and should be overruled on that basis.

<u>Burris</u>, 912 F.3d at 402. The Sixth Circuit also overruled their previous panel decision in <u>United States v. Rodriguez</u>, 664 F.3d 1032 (6th Cir. 2011), which held that Ohio's aggravated-assault statute qualifies as a crime of violence under the sentencing guidelines' enumerated-offense clause. <u>Burris</u>, 912 at 400, n. 15.

However, the <u>Burris</u> majority found that the statutes were divisible between subsection (A)(1) and subsection (A)(2). And, because a "deadly weapon or dangerous ordinance" is required to be used under subsection (A)(2) of the Ohio aggravated assault provision, the Sixth Circuit found it falls under the elements clause. <u>Id.</u> at 405-406. Accordingly, under Sixth Circuit law, after <u>Burris</u>, an Ohio aggravated assault conviction under Ohio Rev. Code § 2903.12(A)(1) is not a crime of violence under the sentencing guidelines, but an Ohio aggravated assault conviction under Ohio Rev. Code § 2903.12(A)(2) is a crime of violence.

Here, Millis states in his Petition that he was designated a career offender under the then-mandatory Sentencing Guidelines due to a prior Ohio aggravated assault conviction and a prior $50 marijuana sale. Pet. at 4 (Doc. 1). The sentencing transcript excerpt attached to Millis' most recent filing also includes a statement from the sentencing judge that Millis had a "felonious assault" conviction, that was "apparently [ ] a fist fight or some kind of fight with his girlfriend's ex-husband." <u>See</u> Amend. Pet. at 14 (Doc. 4). Given the sentencing judge's description, it seems likely that Millis' conviction was under subsection (A)(1) and would no longer qualify as a crime of violence under Sixth Circuit law. Accordingly, assuming Millis has properly described his predicate convictions and no other offenses could be used as predicate convictions, Millis is no longer a career offender because he does not have the requisite two predicate felonies.

However, assuming Millis' claim has merit, he still must meet the requirements of the § 2255(e) savings clause test. The Seventh Circuit has held that a claim that a petitioner was improperly designated as a career offender under the sentencing guidelines when they were mandatory qualifies as a miscarriage of justice for

the purposes of proceeding under the § 2255(e) savings clause.

See Narvaez v. United States, 674 F.3d 621, 625 (7th Cir. 2011) (a
petitioner has "an absolute right not to stand before the court as a
career offender when the law does not impose that label on him.");
see also Cross v. United States, 892 F.3d 288 (2018).  Accordingly,
Millis meets the third prong of the test.  Moreover, Burris is a case
of statutory interpretation, therefore Millis' claim meets the first
prong of the test.

However, it is unclear whether the claim meets the second
prong of the test.  In Chazen v. Marske, No. 18-3268, 2019 WL
4254295, at *8–9 (7th Cir. Sept. 9, 2019), the Seventh Circuit
recently acknowledged that their precedent in articulating the
second requirement of the savings-clause test has been
inconsistent, sometimes requiring a petitioner "to show that he is
relying on a "new rule" that applies "retroactively to cases on
collateral review and could not have been invoked in his earlier
proceeding."  Chazen, 19 WL 4254295, at *8 (quoting Camacho v.
English, 872 F.3d 811, 813 (7th Cir. 2017).  In other instances, the
Seventh Circuit has said that a petitioner must "[rel[y] on a
retroactive decision that he could not have invoked in his first

§ 2255 motion" or that a petitioner "need only show that the case on which he relies had not yet been decided at the time of his § 2255 petition."  Id. at *8 (citing Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013); Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012).  Additionally, the Seventh Circuit has used a higher standard at times, which required:

> a petitioner to show not only that he relies on a newly decided case of statutory interpretation, but also that, at the time of his initial § 2255 petition, his claim was "foreclosed by binding precedent" in the circuit of his conviction.  Brown, 719 F.3d at 595 (quoting Hill v. Werlinger, 695 F.3d 644, 648 (7th Cir. 2012)). And most recently we have explained that "if it 'would have been futile' for a petitioner to raise these arguments in his § 2255 motion because the 'law was squarely against him,' then the savings clause applies and [a petitioner] may proceed and pursue resentencing under § 2241." Beason, 926 F.3d at 936 (quoting Webster, 784 F.3d at 1136).

Id. at *9.

The Seventh Circuit did not attempt to clarify the test in Chazen, but found that Chazen met the higher standard because Chazen's claim that Minnesota burglary was not a violent felony under the ACCA was foreclosed at the time of his initial § 2255 motion "by Eighth Circuit precedent concluding that Minnesota burglary qualified as a violent felony for federal sentencing

purposes," such that "the law was squarely against" him.  <u>Id</u>. at 9.
Moreover, the Respondent had conceded that <u>Mathis</u> applied
retroactively.

Here, unlike <u>Chazen</u>, Millis does not rely on a Supreme Court
case, but a Sixth Circuit case.  However, the Seventh Circuit has,
at times, allowed a petitioner to obtain relief based on a circuit-
level decision.  <u>See</u> <u>e.g.</u>, <u>Beason v. Marske</u>, 926 F.3d 932, 935 (7th
Cir. 2019).  Moreover, <u>Burris</u> was not available at the time of Millis'
initial § 2255 motion, so he might meet the more lenient standard.
However, Millis has not presented any evidence that he could meet
the higher standard, requiring a showing that his claim was
foreclosed by binding circuit precedent at the time of his initial
§ 2255 motion.  Although, the Court would note that, by failing to
raise any arguments regarding this claim in its original response,
Respondent arguably could be seen as conceding that the savings-
clause test was met, and the Court has discretion to accept this
concession on a point of law.  <u>See</u> <u>Chazen</u>, 2019 WL 4254295 at *7
and <u>Beason</u>, 926 F.3d at 935 (<u>citing</u> <u>Prevatte v. Merlak</u>, 865 F.3d
894, 898, 901 (7th Cir. 2017) ("accepting the government's

concession on an element of the savings clause-test and explaining

that § 2241 and § 2255 address remedies, not jurisdiction")).

Accordingly, the Court orders additional briefing from

Respondent on this matter, addressing whether Millis' claim meets

the savings-clause test and whether Millis' claim has merit.

## IV. CONCLUSION

For the reasons stated above, the Court DISMISSES

Petitioner's claim based on <u>Dean v. United States</u>, 137 S.Ct. 1170

(2017), his claim regarding his § 924(c) convictions, and his

cumulative impact claim.  However, the Court finds that

Petitioner's claim based on <u>United States v. Burris</u>, 912 F.3d 386

(6th Cir. 2019), could have merit and he could be eligible for relief

under 28 U.S.C. § 2241.  Respondent failed to address the <u>Burris</u>

claim in his original response.  Respondent is ORDERED to file a

supplemental response addressing this claim within twenty-one

days of entry of this Order.  Petitioner may file a reply within

twenty-one days of said service on him.

Additionally, Millis' Amended Petition (Doc. 4) filed on June

17, 2019, is construed as a Motion to Amend his Petition.  In light

of the supplemental briefing needed from Respondent, this Motion

is GRANTED.

**ENTER: September 30, 2019.**

**FOR THE COURT:**

<u>**s/Sue E. Myerscough**</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**